IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERSON GUTIERREZ-RAMOS, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:20-cv-1629-B (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* habeas action brought pursuant to 28 U.S.C. § 2255 by Movant Jerson Gutierrez-Ramos, an inmate at the Dallas County Jail. On June 24, 2020, the Court mailed Gutierrez-Ramos an order and notice of deficiency informing him that his petition must be written in English and his habeas corpus pleadings were not filed on the appropriate form. The Court also mailed a form petition to Gutierrez-Ramos and informed him that failure to cure both deficiencies within 30 days could result in a recommendation that his petition be dismissed. Gutierrez-Ramos filed additional documents on July 24, 2020, but he did not cure the deficiencies identified in the Court's order and notice. More than 30 days have passed, and Gutierrez-Ramos has failed to correct the deficiencies. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, this litigation cannot proceed until Gutierrez-Ramos provides his petition in English and puts it on the appropriate form. By failing to provide the Court with a copy of his petition in English on the appropriate form, Gutierrez-Ramos has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Gutierrez-Ramos's petition without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed September 4, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).